IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FREDERICK BANKS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:21-cv-00095 |
| | ) Judge Trauger |
| **CENTRAL INTELLIGENCE AGENCY,** | ) |
| et al., | ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Frederick Banks, a federal prisoner at FCI Allenwood Low in Pennsylvania,[1] filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 5, 2021. (Doc. No. 1.) He has now cured the deficiency in his application for leave to proceed as a pauper by submitting the certification of his inmate trust account custodian. (*See* Doc. No. 5 at 10.) Because this certification confirms the petitioner's report of a qualifying account balance, the court **GRANTS** him permission to proceed as a pauper.

The petition is now before the court for an initial review under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"),[2] which requires the court to examine the petition to ascertain as a preliminary matter whether "it plainly appears

---

[1] The petitioner appears to have been recently transferred to FCI Allenwood Low. At the time he filed this action, the petitioner was incarcerated in federal prison in Louisiana, where he appears to have received the court's March 23, 2021 order (Doc. No. 4) concerning the deficiency in his application to proceed as a pauper. Without giving formal notice of his change of address, the petitioner mailed his most recent filing from the Allenwood facility where he is currently incarcerated according to the Bureau of Prisons website, https://www.bop.gov/inmateloc/ (last visited April 30, 2021), of which the court takes judicial notice.

[2] The Habeas Rules may be applied to Section 2241 cases as well as Section 2254 cases. *See* Habeas Rule 1(b).

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

The petition and a supplement thereto (Doc. No. 5) assert that the petitioner is currently serving a sentence imposed by the Western District of Pennsylvania (Doc. No. 1 at 1; Doc. No. 5 at 1), and that he challenges the execution of this sentence in Pennsylvania (Doc. No. 5 at 1) because "Respondents in [the Middle District of Tennessee] lodged an illegal FISA warrant on [him] without any valid order or authorization or approval in violation of 50 U.S.C. § 1801, et seq. and due process." (*Id.* at 6.) He expounds upon this theory of relief in a handwritten attachment to the petition, which names "Estate of Caitlyn Kaufman" alongside the petitioner in the caption and alleges the following:

> On Thursday 12/3/20 Caitlyn Kaufman, a 26 year old Nashville nurse was fatally shot as she drove down Interstate 440. Kaufman was from a Pittsburgh, PA suburb. Kaufman worked in the intensive care unit since 2018 at St. Thomas.
>
> Frederick Banks is a federal prisoner illegally held. Banks in an 11/7/2016 letter he wrote to Ivanka Trump exposed that the Trump campaign was under a FISA warrant and "electronic surveillance." See United States v. Banks, 2:15cr168 (WDPA) ECF 259, 352, 593. The CIA used a technology called "microwave hearing" which is a wireless signal sent by satellite with GPS tracking to cause Kaufman's fatal shooting. As such the court should order the FBI and Metro Nashville Police to have a look at the FISA surrounding this case to determine the shooter and to investigate the CIA for this act, . . . and present the evidence to a grand jury. Because Banks is also under a FISA warrant the court should order all the FISA disclosed [under] 50 USC § 1806(f) and Banks discharged from custody. The FISA was not obtained with any valid order or authorization of approval. All in violation of 50 USC 1801, et seq. and due process.

(Doc. No. 1 at 15.) In a footnote to the above-quoted text, the petitioner reveals that he read Ms. Kaufman's story in USA Today, and that "[t]he CIA did the shooting to make a media cycle." (*Id.* at 16 n.1.)

2

Under Section 2241, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "[F]or core habeas petitions challenging present physical confinement" under Section 2241, therefore, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. The petitioner is currently confined in Union County, Pennsylvania, which lies within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b); https://www.bop.gov/locations/institutions/alf/ (last visited April 30, 2021). Accordingly, this court does not have jurisdiction over the petition.

The court must dismiss a case filed in the wrong district unless it is "in the interest of justice" to transfer the case to a district "in which it could have been brought." 28 U.S.C. § 1406(a). The interest of justice does not support transfer here, as this Section 2241 action appears to be another in an almost impossibly long line of frivolous filings by the petitioner. As the Northern District of Ohio put it in 2018:

> [The petitioner] is a well-established, multi-district, frequent filer, who has brought over 350 cases in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the Western District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska. All of these cases were dismissed as frivolous. He has been declared to be subject to three strike provision of 28 U.S.C. § 1915(g) on numerous occasions. Undeterred, [the petitioner] utilizes § 2241 to circumvent the application of § 1915(g).

*Banks v. Greene*, No. 4:18-cv-0884, 2018 WL 4615938, at *1 n.1 (N.D. Ohio Sept. 25, 2018). As this and other recent cases demonstrate, the petitioner persists in filing frivolous actions under the guise of Section 2241.

Roughly one year ago, the U.S. District Court for the Central District of California summarily dismissed the petitioner's Section 2241 petition in *Use Excedrin or Generic Excedrin*

3

*v. Corona Virus*, No. 2:20-cv-03640-ODW, 2020 WL 1939819 (C.D. Cal. Apr. 22, 2020)—a case in which the petitioner also alleged illegal surveillance by the CIA pursuant to an unlawful FISA warrant and sought release from custody—stating as follows:

> As even the most cursory review of his cases available through the PACER system shows, Banks has a history of filing delusional and meritless actions on his own behalf or supposedly on behalf of others with whom he has no connection, often (as here) alleging electronic surveillance by the CIA or others. *See*, *e.g.*, *Banks v. Crooked Hilary*, No. 2:16-cv-07954 (C.D. Cal. Oct. 26, 2016) (Order denying leave to proceed in forma pauperis and discussing some of the prior decisions finding Petitioner's actions to be frivolous and delusional); *Schlemmer v. Central Intelligence Agency*, No. 2:15-cv-01583 (W.D. Pa. Dec. 15, 2015) (Order dismissing with prejudice a 28 U.S.C. § 2241 habeas petition filed by Petitioner as purported "next friend" on behalf of a criminal defendant with whom he had no relationship)[.] The instant Petition is yet one more in his ongoing series of vexatious and improper litigation, which typically (as here) is prompted by a recent and often tragic event that received substantial media coverage, upon which Banks attempts to capitalize.
>
> The claim alleged in the Petition plainly is meritless and frivolous but particularly so to the extent that it is raised under the guise of a habeas action. . . . No cognizable and viable theory of habeas relief has been stated as to anyone, regardless of Petitioner's vague assertions of a "FISA warrant." Banks is in custody because he has been convicted of federal crimes . . ., not because of any putative FISA electronic surveillance. Banks does not challenge his custody pursuant to his convicted status here, nor could he, because he was not convicted in this District and is not incarcerated here. If Banks wishes to challenge his present criminal custody, there are established avenues for him to do so, but none of them include bringing repeated and frivolous 28 U.S.C. § 2241 actions outside the District of conviction about matters having nothing to do with his present conviction. The matters alleged in the Petition simply do not involve situations in which 28 U.S.C. § 2241 federal habeas jurisdiction properly can be invoked.

*Id.* at *2–3.

This court fully agrees with the above analysis, which is equally applicable to the case at bar. It is noted that, in his recent supplement to his petition, the petitioner alleges that his jailors at FCI Allenwood Low are restricting his incoming emails in order to obstruct his receipt of information about the alleged FISA warrant. (Doc. No. 5 at 7.) But any such claim about the petitioner's treatment by his jailors, like any habeas claim regarding the execution of his sentence,

4

Case 3:21-cv-00095   Document 6   Filed 05/06/21   Page 4 of 5 PageID #: 39

must be filed in the district of his confinement: the Middle District of Pennsylvania. This court, sitting as it does in a district outside the petitioner's district of confinement, does not have jurisdiction over such matters. Nor is transfer to the Middle District of Pennsylvania warranted in the interest of justice, in light of the frivolousness of the petitioner's filings in this court and his history of frivolous and vexatious litigation in courts around the country.

Accordingly, this action is **DISMISSED** without prejudice and the Clerk is directed to close the file. Any appeal from this order would not be in good faith under 28 U.S.C. § 1915(a)(3).

Notice of this decision shall be mailed to the petitioner at the address provided in his most recent filing (*see* Doc. No. 5 at 1), which the Clerk shall record on the docket of this case as the petitioner's current address.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge